**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

ATEF SHEHAB, et al.,                      :

      Plaintiffs,                      :      Case No.  3:05CV207

vs.                                       :      District Judge Walter Herbert Rice
                                                 Magistrate Judge Sharon L. Ovington

SAMIR ALKAUSAUNEH,                        :
et al.,
                                          :

      Defendants.                      :

                                          :

# REPORT AND RECOMMENDATIONS[1]

## I.      INTRODUCTION

Plaintiffs Atef Shehab and Abed Nawfal, residents of the State of California brings this case against three Ohio residents, Samir Alkausauneh, Raed Alkhasawneh, and Tibebe Tasew, and two Ohio corporations, Superior Quality Co. ("Superior") and L & H Motors ("L & H"). Plaintiffs originally filed this case in the United States District Court for the Central District of California.  Upon Defendants' Motion, the District Court in California transferred the case to this Court.  (Doc. #1).

The case is presently before the Court upon Defendants' Motion to Dismiss Fraud Claims For Failure To State A Claim (Doc. #9) and Plaintiffs' Response (Doc. #16).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II.    THE PARTIES' CONTENTIONS

Defendants contend that Plaintiffs' Complaint fails to plead their fraud claims with particularity.  Defendants therefore seek a dismissal of each of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6).  However, Defendants' Motion is not supported with citation to any case law or with any detailed analysis of Plaintiffs' claims.

Plaintiffs contend that their Complaint "is replete with descriptions of facts going to those substantive elements of common law fraud....  The averments setting forth the scheme or artifice undertaken by Defendants to sell Plaintiffs motor vehicles at unlawfully inflated prices clearly states a claim in common law fraud.  It does so with averments particular as to those substantive elements and leaves no doubt about the nature of Plaintiffs' claim.  (Doc. #16 at 3).  Plaintiffs similarly argue that the remaining counts of their Complaint set forth sufficient factual allegations to state a claim upon which relief can be granted.

## III.    ANALYSIS

In ruling on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in the Complaint must be taken as true and construed in a light most favorable to the plaintiff. *Evans-Marshall v. Bd. of Education of Tipp City*, 428 F.3d 223, 228, (6th Cir. 2005); *see Penny/Ohlmann/Neiman, Inc. v. Miami Valley Pension Corp*., 399 F.3d 692, 697 (6th Cir. 2005). A Motion to Dismiss for failure to state a claim for relief may be granted only if the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitled the plaintiff to relief.  *Penny/Ohlmann*, 399 F.3d at 697.  "Claims lacking factual merit are properly dealt with through summary judgment under Rule 56.  This is because, under the notice pleading standard of the Federal Rules, courts are reluctant to dismiss colorable claims which have not had the

benefit of factual discovery." *Evans-Marshall*, 423 F.3d at 228 (citations omitted).

Claims of fraud must be pled with factual specificity under Fed. R. Civ. P. 9(b). "However, Rule 9(b) must be read in harmony with Rule 8, which requires a short and plain statement of the claim using simple, concise, and direct allegations. Sixth Circuit case law has therefore interpreted Rule 9(b) to provide that a plaintiff must allege with specificity the times, places, and contents of the alleged fraud; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States v. United Technologies Corp.*, 2000 WL 988238 at *4 (S.D. Ohio March 20, 2000)(Rice, J.)(citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)(other citations omitted). "[T]he purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Seifer v. PHE, Inc.*, 196 F.Supp.2d 622, 632 (S.D. Ohio 2002)(Rice, C.J.)(citing *Michaels Building Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988)).

A review of Plaintiffs' Complaint in the present case reveals that they have alleged facts sufficient to satisfy both Rule 8(a)'s notice requirement and Rule 9(b)'s particularity requirement. Plaintiffs' Complaint alleges the following:

In 2002 Plaintiffs entered into an oral agreement whereby Defendant Samir agreed to purchase vehicles at dealer auctions in Ohio and ship them to Plaintiffs in California. Plaintiffs agreed to make minimal repairs to the vehicles, sell them at dealer auctions in California, and share the net profits with Defendants. Defendants, however, engaged in a fraudulent practice of submitting "Shill bids" at Ohio dealer auctions for the purpose of inflating the prices of the vehicles. Through such Shill bids, "Defendant Samir was secretly profiting on the vehicles

purchased and sent to Plaintiffs pursuant to the Agreement." (Doc. #1 at 3).

According to Plaintiffs Complaint, in November 2003 the parties modified their agreement at Defendant Shamir's suggestion. This modification permitted Shamir to make purchases using Plaintiffs' credit rather than Shamir' credit. (Doc. #1 at 4).

Plaintiffs Complaint alleges that in early April 2004 Defendant Shamir made knowing false representations to Plaintiffs by characterizing Defendant Tibebe as reliable. Defendant Tibebe then acted as Plaintiffs' agent at Ohio dealer auctions. Defendant Tibebe was not trustworthy. He, together with Defendant Raed, attended dealer auctions, where Defendants Superior and L & H sold worthless vehicles. Defendants Tibebe and Raed bantered bids back and forth, including bids on vehicles owned by Superior and L & H, thereby artificially inflating the purchase price. Ultimately, Defendant Tibebe's final bid was accepted, and he then purchased vehicles as Plaintiffs' agent. On one occasion, the auctioneer halted bidding to investigate the suspicious activities of Tibebe and Raed, because the prices they bid were so conspicuously disproportionate to the apparent value of the vehicles. Plaintiffs allege that Dayton Auto Auction holds a video of these actions and that Defendants' fraud caused harm to Plaintiff in the approximate amount of $250,000.00. (Doc. # 4-7).

Plaintiffs' Complaint contains sufficiently specific factual allegations to notify Defendants of the factual basis of Plaintiffs' fraud claim. Plaintiffs' factual allegations have identified a fraudulent scheme, Defendants' intent to defraud plaintiffs, the times, places, and contents of the alleged fraud, and the financial injury to Plaintiffs caused by the fraudulent scheme. Although Plaintiffs' Complaint could have been more specific about the dates or times when the alleged auctions occurred, this is not fatal to their fraud claim because reading the

4

Complaint as a whole reveals that it provides sufficient detail concerning when and how the fraudulent scheme allegedly occurred.  Any doubt about this is revealed by both the absence of any detailed analysis in support of Defendants' Motion to Dismiss and the presence of Defendants' Answer and Counterclaims (Doc. #s 2, 3).  Defendants' Answer in particular shows that they had sufficient notice of Plaintiffs' fraud claims to enable them to frame a responsive pleading, thereby satisfying the purpose of Rule 9(b)'s specificity requirement.  In light of this, the Court should not lavish further attention on Plaintiffs' Complaint until they get their fraud claim exactly right but should instead keep this case moving through discovery and dispositive motion stages.  *Cf. Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998)("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving....").

Accordingly, Defendants' Motion to Dismiss lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

Defendants' Defendants' Motion to Dismiss Fraud Claims For Failure To State A Claim (Doc. #9) be DENIED.

February 21, 2006

s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).