# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ATEF SHEHAB, et al., | : | |
| Plaintiffs, | : | Case No.  3:05CV207 |
| vs. | : | |
| | | Magistrate Judge Sharon L. Ovington |
| SAMIR ALKAUSAUNEH, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DECISION ENTRY AND ORDER GRANTING THIRD PARTY DEFENDANT, AMERICAN CONTRACTORS INDEMNITY CO.'S MOTION FOR SUMMARY JUDGMENT (DOC. # 36)**

## I.    INTRODUCTION

Plaintiffs Atef Shehab and Abed Nawfal, residents of the State of California bring this case against three Ohio residents, Samir Alkhasauneh, Raed Alkhasawneh, and Tibebe Tasew, and two Ohio corporations, Superior Quality Co. ("Superior") and L & H Motors ("L & H"). Plaintiffs originally filed this case in the United States District Court for the Central District of California.  Upon Defendants' Motion, the District Court in California transferred the case to this Court.  (Doc. #1). Thereafter, Defendants/Third Party Plaintiffs filed their Third Party Complaint against American Contractors Indemnity Co. ("ACIC") alleging that ACIC negligently issued bonds to third party car dealerships on vehicles owned by Defendants thereby allowing third parties to obtain title to Defendants' vehicles. (Doc. #29).

With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court upon Third Party Defendant, ACIC's Motion for Summary Judgment (Doc. # 36), Third Party Plaintiffs' Memorandum Contra (Doc. # 37), ACIC's Reply Memorandum (Doc. # 38) and the record as a whole. For the reasons that follow, the Court concludes that there are no genuine issues of material fact and that ACIC is entitled to summary judgment as a matter of law.

## II.  <u>SUMMARY JUDGMENT STANDARDS</u>

The central issue presented by a motion for summary judgment is a threshold issue – whether the case presents a proper jury question. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Summary judgment is warranted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson*, 477 U.S. at 247.

The burden falls on the party moving for summary judgment to show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden at trial. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *see Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 403 (6th Cir. 1992). If the movant makes this showing, the non-moving party may not rely on the bare allegations of the Complaint but must present affirmative evidence in support of his or her claims. *Betkerur*, 78 F.3d at 1087; *see Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994); *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Indeed, the Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur*, 78 F.3d at 1087; *see InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Rather, the burden falls on

2

the non-moving party to designate specific facts or evidence in dispute.  *Anderson*, 477 U.S. at

250; *see Metiva*, 31 F.3d at 379; *see also Guarino*, 980 F.2d at 404-05.  Yet, this burden is eased

somewhat by the Court's duty to "believe the evidence presented by the nonmovant, and draw all

justifiable inferences in his or [her] favor."  *Cotter v. Ajilon Serv., Inc.,* 287 F.3d 593, 597 (6th

Cir. 2002)(citing *Plant v. Morton Int'l., Inc.,* 212 F.3d 929, 933-34 (6th Cir. 2000)).  The Court,

moreover, will not weigh the evidence or evaluate witness credibility when determining whether

summary judgment is warranted.  *Metiva*, 31 F.3d at 379.

Ultimately, the Court must determine at the summary-judgment stage whether the

evidence presents a sufficient factual disagreement to require submission of the challenged claim

or claims to a jury or whether the evidence is so one-sided that the moving party must prevail as

a matter of law.  *Anderson*, 477 U.S. at 251-52; *see Little Caesar Enterprises, Inc. v. OPPCO,*

*LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

### III.    FACTUAL BACKGROUND

This matter arises  from an alleged breach of a business arrangement between the parties

to the original Complaint in this action. (Doc. # 1-3). Plaintiffs, Atef Shehab and Abed Nawfal,

entered into an oral agreement with Defendants Samer Alkhasauneh and Superior Quality

Company, whereby  Defendants purchased used vehicles from Ohio auction houses (Doc. # 1-3

at ¶16); Defendants then shipped the used vehicles to Plaintiffs in California; and, Plaintiffs'

then sold the vehicles. Defendants allege that the used vehicles purchased in Ohio were titled in

Defendant's name pending a settlement of their purported interests in the vehicles; however,

Plaintiffs avoided  Defendant's ownership interests by conspiring with or inducing others to

obtain replacement titles in California.  Third parties filed applications with the California

Department of Motor Vehicles ("CMBV") wherein they claimed that the titles to the vehicles were destroyed. CMBV agreed to issue titles to the vehicles and required that applicants provide a Defective Title Bond in conformance with §4157 of the Cal. Veh. Code. Copies of the Bonds and corresponding Powers of Attorney are attached to ACIC's Motion for Summary Judgment. (Doc. # 36, Exhibit A). Plaintiffs and Defendants, at all relevant times herein, were licensed automobile dealers. (Doc. #1-3 at ¶1)

In the original complaint, Plaintiffs allege that Defendants, using Plaintiff's credit, engaged in a conspiracy involving "shill bidding" at various auto auctions resulting in Plaintiffs paying inflated prices for the automobiles. (Doc. #1-3 at ¶17). In addition to the inflated prices it received at the auctions, Plaintiffs allege the Defendants received additional money once Plaintiffs sold the vehicles in California.

In its Counterclaim, Defendants allege that Plaintiffs failed to remit full payment to Defendants for several vehicles. (Doc. # 29 at ¶¶ 13 and 14) Additionally, Defendants allege that Plaintiffs sold or transferred several vehicles after fraudulently obtaining replacement titles for them. Defendants further allege that Plaintiffs failed to remit payments due Defendants on certain vehicles and that Defendants did not release title on those vehicles. (Doc. # 29 at ¶15).

In its Third Party Complaint against ACIC, Defendants allege that ACIC negligently issued Defective Title Bonds which enabled Plaintiffs or third parties to obtain new titles to the vehicles, despite Defendant's ownership interests. (Doc. # 29 at ¶4). Third Party Plaintiffs argue that "...Third Party Defendant or its agents negligently issued defective title bonds to third parties who they knew had their dealership license and bond coverage cancelled, which allowed for the third parties to obtain replacement titles to the Third Party Plaintiff's vehicles without

4

their knowledge or consent." (Doc. # 37 at 2). In support, Third Party Plaintiffs attached Exhibits

A and B which demonstrate that in October 2004, the dealership license in the name of  Cintha

Islas dba El Sol Auto Sales was cancelled. (Doc. # 37, Exhibits A and B). Six out of the ten

bonds upon which Third Party Plaintiff seek to recover were issued to Cintha Islas dba El Sol

Auto Sales. Those bonds provide in pertinent part:

> NOW THEREFORE, if said obligors  shall fully protect, indemnify  and
> save harmless the Department of Motor Vehicles of the State of  California, and any and
> all officers and employees thereof, and any  and all subsequent purchasers of said vehicle
> and any and all  persons acquiring any lien or encumbrance thereon and the successors in
> interest of any and all said persons, against any and all  claims, suits, actions, loss or
> damage on account of any defect in or  undisclosed claim, lien or encumbrance of
> whatever nature upon  said vehicle or the right, title and interest of said Principal in or to
> said vehicle, then this obligation  shall be null and void; otherwise to  remain in full force
> and effect.

> THIS BOND IS SUBJECT TO THE FOLLOWING CONDITIONS:

>  1. That any interested person may, in addition to any other remedy he may have, bring an
> action in his own name to recover hereon any damages sustained by him by reason of any
> breach of the conditions for which this bond is deposited and in such action shall have and
> recover costs and reasonable attorney's fees.

It is not disputed that Third Party Defendant played no role at all with respect to the

allegations contained in the original Complaint.  ACIC was not involved in any  way with the

purchasing of vehicles at auctions in Ohio by Third Party Plaintiffs or their  business

arrangement with the Plaintiffs.

## III.    <u>ANALYSIS</u>[1]

Third Party Plaintiffs allege that the Defective Title Bonds secured from ACIC were

presented by various third parties to the CBMV for the purpose of fraudulently securing

---

[1] The parties agree that California law applies to this case.

5

replacement titles to vehicles owned by Third Party Plaintiffs.

Cal.Veh. Code, § 4157 provides:

In the absence of the regularly required supporting evidence of ownership upon application for registration or transfer of a vehicle, the department may accept an undertaking or bond which shall be conditioned to protect the department and all officers and employees thereof and any subsequent purchaser of the vehicle, any person acquiring a lien or security interest thereon, or the successor in interest of such purchaser or person against any loss or damage on account of any defect in or undisclosed claim upon the right, title, and interest of the applicant or other person in and to the vehicle.

Thus, pursuant to *Cal. Veh. Code* § 4157, the CBMV, in the absence of regularly required supporting evidence of ownership upon application for registration or transfer of a vehicle, may accept a bond which shall be conditioned to protect the CBMV, its officer and employees and any and all subsequent purchasers of the subject vehicle or any person acquiring a lien or security interest in the vehicle after the issuance of the replacement title.

Third Party Plaintiffs allege a cause of action in negligence against ACIC and maintain that ACIC had a duty to Third Party Plaintiffs to investigate and assure that the party seeking the Bond was in fact the true owner of the vehicle. However, under California law, a surety on a bond undertakes no liability for anything that is not within the letter of his contract. *Schmitt v. Ins. Co. of North America,* 230 Cal. App. 3d 245(1991); *Krebs v. Travelers Indemnity Co.,* 192 Cal. App. 2d 83 (1961). The surety's obligation is strictly construed so as to not impose a liability not contained in or clearly inferable from the language of the contract. *Airlines Reporting Corp. v. United States Fidelity and Guaranty Co.,* 31Cal. App. 4th 1458 (1995); *Sather Banking Co. v. Briggs Co.,* 138 Cal. 724 (1903). The obligation is *strictissimi juris*, that is, he has consented to be bound only within the express terms of his contract and his liability must be found within that contract or not at all. *Schmitt, supra; Goggin v. Reliance Insurance Co.,* 200

6

Cal. App. LEXIS 2719.

It is clear from the express language contained in the Bonds that ACIC has no liability to Third Party Plaintiffs. The Bonds at issue clearly identify the parties who have standing to assert a claim against the Bond. These Bonds are for the benefit of the CBMV, its employees and any subsequent purchasers of the vehicle. Thus, in *Auto Procurement, Inc. v. Westgate California Ins. Co.* (1977, Cal App 1st Dist) 65 Cal App 3d 859, 135 Cal Rptr 684, 1977 Cal App LEXIS 1093, the Court held that Cal.Veh. Code, § 4157, in its reference to protecting subsequent purchasers by provision for an undertaking or bond on the registration or transfer of a vehicle in the absence of regularly required supporting evidence of ownership, means those persons who buy a vehicle following registration or transfer of the vehicle by the Department of Motor Vehicles and does not cover persons who purchase during the application for registration or cover transfers made during the processing of application.

The California Court of Appeal addressed a claim against a surety who issued an Automobile Dealer's Bond in *Krebs, supra.* In *Krebs,* the Plaintiff alleged a cause of action for fraudulent misrepresentation. The *Krebs* Court held that though Plaintiff's allegations might be true against the Defendant automobile dealer, Plaintiff did not have such a cause of action against the surety. In *Krebs* the Court stated: "The rules of construction applicable to statutory surety bonds are set forth in *Bank of America v. Dowdy*, 186 Cal.App.2d 690, 692 [9 Cal.Rptr. 799], where it is pointed out that a surety on an official bond undertakes no liability for anything which is not within the letter of his contract." *Id.* The obligation is *strictissimi juris*; that is, he has consented to be bound only within the express terms of his contract and his liability must be found within that contract or not at all. Where a surety bond is given pursuant to the

requirements of a particular statute, the statutory provisions are incorporated into the bond. (*Bank of America v. Dowdy, supra.*) Under California law, it is therefore beyond dispute that ACIC is not and cannot be liable to Third Party Plaintiffs in connection with the issuance of the Bonds.

Third Party Plaintiffs allege that ACIC was negligent in failing to fully investigate the applicants applying for bonds and negligently failed to obtain readily available information on the true titled owner of certain vehicles prior to its issuing the Bonds. It is well settled that in order to maintain or prevail upon a negligence claim it is essential to establish that ACIC owed a duty to Third Party Plaintiffs; that ACIC breached that duty; and, that said breach proximately resulted in injury to Third Party Plaintiffs. *American Employer's Insurance Co. v. Smith,* 105 Cal.App. 3d 94 (1980). Third Party Plaintiffs have failed to establish that ACIC owed them a duty or that ACIC's issuance of the Bond proximately caused Third Party Plaintiff's losses. ACIC issued Defective Title Bonds. ACIC did not, and could not issue a replacement title or registration to an automobile. This is an administrative function of the CBMV. The procedures and safeguards that accompany the issuing of a replacement title or registration and the execution of the same are also within the province of the CBMV. The CBMV required surety bonds to be obtained by applicants for replacement titles. The CBMV then issued the replacement titles. It was this act by the CBMV, the issuance of replacement titles, which proximately caused Third Party Plaintiffs damages.

As is clear from the holdings in *Krebs* and *Schmitt,* ACIC's duties are limited to its bond undertaking, therefore it had no duty to Third Party Plaintiffs when it issued the Bonds.

The State of California specifically requires that the statutorily required bond be for the

protection of the CBMV and any subsequent purchaser of the vehicle.  Third Party Plaintiffs fail to meet either of these qualifications for standing to assert a claim against the Bonds.  By virtue of issuing these Bonds, ACIC agreed to be bound only to the extent of the Bond terms and California law imposes no further duty upon a surety, including liability for its alleged negligence.  Thus, pursuant to well settled case law, there is no duty owed to Third Party Plaintiffs which could give rise to a claim.

Third Party Plaintiffs' are not without a remedy under these circumstances. They may pursue the subsequent purchasers of the vehicles and regain possession of the same. Third Party Plaintiffs  remain the true title holders to these vehicles.  If and when Third Party Plaintiffs regain

 possession of the vehicles, then the subsequent purchasers would be in a position, and have standing, to make a valid claim against the Bonds.

Third Party Plaintiffs have failed to establish the existence of any duty owed to them by ACIC.  Without their doing so, the claims contained in the Third Party Complaint fail as a matter of law.  The Bonds themselves do not contain any language wherein ACIC has consented to be liable beyond the scope of said Bonds.  Any duty owed by ACIC in accordance with these Bonds runs to the named parties within the Bonds, and no one else. California courts have clearly held that there can be no liability for a surety beyond the terms of the Bonds.

The sole basis of the claims against ACIC is the allegation that ACIC issued Bonds to individuals in California which permitted them to obtain replacement titles for allegedly lost or destroyed original titles. ACIC has no duty to Third Party Plaintiffs to protect them against the intentional torts of others.

ACIC and the Third Party Plaintiffs, at all relevant times, were not engaged in any relationship that would give rise to any duty owed by ACIC to Third Party Plaintiffs.  There is no  historical business relationship, or relationship of any  other type, that has ever existed between  these parties.  There is no dispute as to this fact.  Without  such a relationship, or specific  language in the Bonds giving rise to any duty, no such duty was owed by ACIC to the Third  Party Plaintiffs due to its issuance of Bonds for the benefit of the CBMV.

The stated purpose of the Bonds is not to provide an avenue  for Third Party Plaintiffs to make a claim, but rather to protect the CBMV and any subsequent  purchasers of vehicles listed on the bonds.  ACIC's liability is limited to its bond undertaking.  ACIC has no duty to the Third Party Plaintiffs and, as such, ACIC cannot be deemed to be in breach.

## IV.    CONCLUSION

California law clearly and  unequivocally denies causes of action in negligence against a surety for the act of issuing a surety bond in accordance with California statutes. Accordingly, ACIC is entitled to summary judgment as a matter of law.

February 29, 2008

   s/Sharon L. Ovington   
Sharon L. Ovington
United States Magistrate Judge

10